IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDDIE FAULK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-771-ECM |
| | ) | [WO] |
| WALLY OLSEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Eddie Faulk, Jr., an inmate incarcerated at the Dale County Jail, brings this 42 U.S.C. § 1983 action against Wally Olson, the Sheriff of Dale County, Alabama, Jail Administrator Ron Nelson, Lieutenant Steve Baxley, and the Dale County Commission. Faulk seeks to challenge the provision of medical care provided to him at the jail.  Upon review, the court concludes the claims presented by Faulk against the Dale County Commission are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### II. DISMISSAL OF DEFENDANT

**A.**  **Dale County Commission**

Faulk names the Dale County Commission as a defendant.  The Dale County Commission and its individual members are absolutely immune from monetary damages for claims arising from the appropriation of funds for the maintenance and operation of a county jail. *See Woods v. Gamel*,

---

[1] The court granted Faulk leave to proceed *in forma pauperis* in this case. Doc. 3. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

132 F.3d 1417, 1420 (11th Cir. 1998) (holding Alabama county commissioners are entitled to absolute legislative immunity). Neither the county commission nor its individual members are responsible for the day-to-day operation of the Dale County Jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Under Alabama law, "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Id.* at 1288. "Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Id*. at 1291. "Alabama counties [also] are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 789 (1997). Accordingly, Faulk's complaint against the Dale County Commission is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Dale County Commission be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Dale County Commission be DISMISSED as a defendant.

3. This case with respect to Plaintiff's claims against the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **September 26, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Faulk*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 5th day of September 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE