IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE FAULK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:18-CV-771-ECM |
| ) | [WO] |
| WALLY OLSEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on August 31, 2018. On September 4, 2018, the court entered an order of procedure directing Defendants to file an answer and special report. Doc. 4. This order also directed Plaintiff to "immediately inform the court . . . of any change in his address[,]" and cautioned him that [f]ailure him that provide a correct address . . . within ten (10) days following any address change will result in dismissal of this action." Doc. 4 at 3.

On March 25, 2019, the envelope containing Plaintiff's copy of an order entered March 13, 2019, was returned to the court marked as undeliverable.[1] The court therefore entered an order on March 26, 2019, requiring that by April 5, 2019, Plaintiff show cause why his complaint should not be dismissed for his failure to keep the court apprised of his current address as directed in the court's September 4, 2018, order of procedure. Doc. 27. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his

---

[1] Although the March 13, 2019, order directed the Clerk to strike from the docket Plaintiff's notice of change address he filed on March 11, 2019, for its non-compliance with the September 4, 2018, order of procedure requiring that anything Plaintiff filed with the court contain a certificate of service reflecting Plaintiff had sent a copy of the filing to counsel of record (Doc. 26 at 1), the docket reflects the March 13 order was mailed to Plaintiff at the updated service address provided in his March 11 filing.

failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff has filed no response to the March 26, 2019, order.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that on or before **November 13, 2019**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 30th day of October 2019.


                       /s/      Stephen M. Doyle
                       STEPHEN M. DOYLE
                       UNITED STATES MAGISTRATE JUDGE